# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2441 | **DATE** | 10/25/2010 |
| **CASE TITLE** | Phillips vs. ITT Education Services, Inc. | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Defendants' motion to dismiss [25] without prejudice. The Court grants Phillips leave to file a Second Amended Complaint in accordance with this order and in compliance with her Federal Rule of Civil Procedure 11 obligations on or before 11/15/10. Status hearing set for 12/14/10 is stricken and reset to 11/23/10 at 8:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On August 9, 2010, Plaintiff Diane Phillips filed the present pro se Amended Complaint of Employment Discrimination against Defendant ITT Educational Services, Inc. ("ITT") based on violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* Before the Court is ITT's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, the Court grants in part and denies in part Defendants' motion to dismiss without prejudice. More specifically, because Phillips does not allege that she has a disability as defined by the ADA and because she fails to allege any background facts or circumstances that ITT had a reason to discriminate against her because she is American, the Court grants Defendants' motion to dismiss regarding Phillips' ADA claim and Title VII claim based on Phillips' national origin. The Court further grants Phillips leave to file a Second Amended Complaint in accordance with this order and in compliance with her Federal Rule of Civil Procedure 11 obligations on or before November 15, 2010.[1] Phillips' failure to do so may result in the dismissal of her ADA and national origin claims. Finally, the Court directs Phillips' attention the district court's self-help assistance program available to pro se litigants. Information on this program is found on the court's website at www.ilind.uscourts.gov.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1] Although Phillips states that she attended Loyola University of Chicago Law School, she is not licensed to practice law in the State of Illinois. *See* https://www.iardc.org/ardcroll.asp. Nevertheless, pro se litigants have the same duty under Rule 11 as licensed attorneys. *See Vukadinovich v. McCarthy,* 901 F.2d 1439, 1445 (7th Cir. 1990).

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). Finally, Courts construe pro se pleadings liberally. *See McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010).

## BACKGROUND

Construing her pro se Amended Complaint liberally, Phillips alleges that in September 2009 she applied for the position of Adjunct Professor at ITT Technical Institute's School of Criminal Justice. (R. 22-1, Am. Compl. ¶ 2.) In October 2009, Phillips presented a lecture at a seminar conducted by ITT as part of the application for the Adjunct Professor opening. (*Id*.) In particular, Phillips presented a mock lecture or "Chalk Board Exercise" entitled "The Facts Associated with How the United States Congress Functions, As Illustrated by the Second Chance Act of 2007: Community Safety Through Recidivism Prevention." (*Id*.) Phillips also alleges that following the seminar, Dr. Eric Walker offered her the Adjunct Professor position contingent on the approval of Dr. Gayla Audia, Dean of the Academic Affairs Department. (*Id*.)

Phillips further maintains that Dr. Audia "stripped Walker of all his authority" to hire her and acted "intentionally, with malice" and "a clear discriminatory animus, when she reneged on the proprietary school's promise to employ [her] as an Adjunct Professor, in violation" of the "federal civil and human rights laws that were enacted by U.S. Congress and enforced by the U.S. Equal Employment Opportunity Commission." (*Id*. ¶ 3.) Philips further alleges that ITT treated other candidates for the Adjunct Professor position, who were not members of a protected class, more favorably because ITT hired these candidates. (*Id*. ¶ 4.)

On March 9, 2009, Phillips filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") alleging that ITT discriminated against her based on her race, color, sex, religion, national origin, age, and disability. (R. 1-1, Appendix at 31, EEOC Charge.) Specifically, Phillips states that she believes she was discriminated against "because of my race, Black, sex, Female, national-origin-American, color, Dark Skinned, and religion, Christian, in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id*.) Further, Phillips maintains that "I believe I have been discriminated against because of my age, 58 [ ], in violation of the Age Discrimination in Employment Act of 1967." (*Id*.) Phillips also states in her EEOC charge that "I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended." (*Id*.) On March 19,

2010, the EEOC issued Phillips a right to sue letter. (Appendix at 30, 3/19/10 Right to Sue Letter.)[2]

ANALYSIS

I.      Title VII Discrimination Claims

First, Phillips brings a failure to hire claim pursuant to Title VII based on her race, gender, national origin, color, and religion. Although a plaintiff need not allege a prima facie case of discrimination to survive a Rule 12(b)(6) motion to dismiss, *see Swierkiewicz v. Sorema,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.E.2d 1 (2002), Defendants point out that Title VII plaintiffs may eventually establish discrimination through the indirect method of proof first articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Phillips may also establish her discrimination claims through the direct method of proof – but methods of proof are not at issue at the motion to dismiss stage. *See Sorema,* 534 U.S. at 515; *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 604 F.3d 490, 501 (7th Cir. 2010). Instead, the inquiry at this procedural posture is whether, viewing the allegations in Phillips' favor, she has alleged sufficient facts to state a claim to relief that is plausible on its face, thus giving ITT fair notice of her claims and the grounds upon which they rest. *See Twombly,* 550 U.S. at 555, 570. For her claims to be plausible under this standard, Phillips must allege enough facts to raise a reasonable expectation that discovery in this lawsuit will reveal evidence supporting her allegations. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In the present matter, Phillips filed an Amended Complaint on August 9, 2010, and thus her Amended Complaint supersedes her original complaint and is controlling. *See Johnson v. Dossey,* 515 F.3d 778, 780 (7th Cir. 2008) ("When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling"). In her Amended Complaint, Phillips explains that ITT discriminated against her based on her being a member of a protected class and indicates in her EEOC charge that she was discriminated against because she is black, female, dark-skinned, and Christian. Viewing the allegations in Phillips' favor, she has put ITT on notice of her Title VII failure to hire claim that is plausible on its face. *See Twombly,* 550 U.S. at 555, 570.

Phillips, however, has failed to sufficiently allege her reverse discrimination claim that ITT discriminated against her based on her national origin because she is American. In order to establish that an employer discriminates against the majority, in this case Americans, Phillips must allege that there are background circumstances demonstrating that ITT has a reason or inclination to discriminate against the majority. *See Nagle v. Village of Calumet Park,* 554 F.3d 1106, 1129 (7th Cir. 2009). Without explaining why ITT has an inclination to unlawfully discriminate against Americans, Phillips has failed to allege sufficient background facts to state a reverse discrimination claim that is plausible on its face. *See Twombly,* 555 U.S. at 570; *see, e.g., Jacobeit v. Rich Twp. High Sch. Dist. 227,* 673 F.Supp.2d 653, 663 (N.D. Ill. 2009).

The Court therefore grants ITT's motion to dismiss Phillips' Title VII claim based on her national origin, but denies ITT's motion as to her race, color, sex, and religion claims.

---

[2] Although Phillips does not allege her protected class status in her Amended Complaint, "[c]ourts in this [d]istrict ordinarily consider EEOC charges to be documents falling within the 'narrow exception' to the rule that 12(b)(6) motions are to be decided on the allegations contained in the complaint alone." *Delgado v. Certified Grocers Midwest, Inc.,* No. 06 C 2107, 2006 WL 2873215, at *3 (N.D. Ill. Oct. 5, 2006). Therefore, the Court considers Phillips' EEOC charge in determining her claims.

## II. ADA Claim

Next, in her Amended Complaint and EEOC charge, Phillips alleges a failure to hire claim pursuant to the ADA. Title II of the ADA, which applies to public services, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132; *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006). Title II clarifies that "public entity" refers to: (1) "any State or local government;" (2) "any department, agency ... or other instrumentality of a State ... or local government;" and (3) "the National Railroad Passenger Corporation, and any other commuter authority." *Id.* § 12131(1)(A)-(C); *see also United States v. Georgia,* 546 U.S. 151, 154, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006); *Radaszewski v. Maram,* 383 F.3d 599, 607 (7th Cir. 2004). Because Phillips does not allege that ITT is a public entity, she has not sufficiently alleged an ADA claim under Title II that is plausible on its face. *See Twombly*, 550 U.S. at 570.

Likewise, Phillips has not sufficiently alleged a claim under Title I of the ADA under the federal notice pleading standards because she has failed to allege that she is a qualified person with a disability. *See Toeller v. Wisconsin Dep't of Corr.,* 461 F.3d 871, 872 (7th Cir. 2006) ("Title I of the Americans with Disabilities Act [] prohibits discrimination in employment against qualified persons with a disability"). Under the ADA, disability is defined as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); *see also Turner v. The Saloon, Ltd.,* 595 F.3d 679, 689 (7th Cir. 2010). Because Phillips has failed to allege the nature of her disability as defined by the ADA, she has failed to sufficiently allege facts that state a claim to relief that is plausible on its face. *See Twombly,* 550 U.S. at 570; *see also Squibb v. Memorial Med. Ctr.,* 497 F.3d 775, 786 (7th Cir. 2007) (if a plaintiff is "not disabled within the meaning of the Act, she is not protected by its substantive anti-discrimination provisions."). Therefore, the Court grants ITT's motion to dismiss Phillips' ADA claim.

## III. ADEA Claim

Finally, Phillips alleges a failure to hire claim pursuant to the ADEA. Under the ADEA, a plaintiff must eventually "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.,* ___ U.S. ___, 129 S.Ct. 2343, 2350, 174 L.Ed.2d 119 (2009). In her EEOC charge, Phillips alleges that she was over the age of 40 when ITT failed to hire her. *See Martino v. MCI Commc'n Servs., Inc.,* 574 F.3d 447, 452 (7th Cir. 2009) (ADEA prohibits employers from taking adverse employment actions against workers who are 40 or older because of their age). Phillips' allegations put ITT on notice of her ADEA claim and the grounds on which it rests, namely, that ITT failed to hire her for the unlawful reason that she was over 40 years of age. *See Twombly,* 555 U.S. at 270. The Court thereby denies ITT's motion to dismiss Phillips' ADEA claim.