**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIANE M. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10 C 2441 |
| v. ) | |
| ) | |
| ITT EDUCATIONAL SERVICES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On August 9, 2010, pro se Plaintiff Diane M. Phillips ("Phillips") filed an Amended Complaint alleging employment discrimination against Defendants ITT Educational Services, Inc., the Dean of the Academic Affairs Department, and the School of Criminal Justice (collectively "ITT"). On October 25, 2010, the Court granted in part and denied in part ITT's motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6).[1] The remaining claims in this lawsuit include: (1) Phillips' claim based on her race, color, sex, and religion pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and (2) Phillips' age discrimination claim pursuant to the Aged Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Before the Court is ITT's Motion for Summary Judgment pursuant to

---

[1] The Court granted Phillips leave to file a Second Amended Complaint in accordance with the October 25, 2010 order, but Phillips did not do so. Therefore, the Amended Complaint is the controlling complaint in this lawsuit. *See Johnson v. Dossey,* 515 F.3d 778, 780 (7th Cir. 2008).

Federal Rule of Civil Procedure 56. For the following reasons, the Court grants ITT's motion for summary judgment and dismisses this lawsuit in its entirety.

## BACKGROUND

I. **Northern District of Illinois Local Rule 56.1**

Because Phillips is a pro se litigant, ITT served her with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1.

Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). "The Rule is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted). Local Rule 56.1(a)(3) requires the moving party – in this case ITT – to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Also, Local Rule 56.1(b)(3)(C)

requires the nonmoving party, namely Phillips, to present a separate statement of additional facts that requires the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

The purpose of Local Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). As such, the Court will not address the parties' legal and factual arguments made in their Rule 56.1 statements and responses. *See System Dev. Integration, LLC v. Computer Sciences Corp.,* 739 F.Supp.2d 1063, 1068 (N.D. Ill. 2010). Moreover, the requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon,* 233 F.3d at 528. The Court may also disregard statements and responses that do not properly cite to the record. *See Cichon v. Exelon Generation Co., LLC,* 401 F.3d 803, 809-10 (7th Cir. 2005).

Although courts must construe pro se pleadings liberally, *McGee v. Bartow,* 593 F.3d 556, 566-67 (7th Cir. 2010), a plaintiff's pro se status does not absolve her from complying with federal and local procedural rules. *See Greer v. Board of Ed. of City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Although Phillips filed a Rule 56.1(b)(3)(B) Response to Defendants' Local Rule 56.1(a)(3) Statement of Facts, her responses do not cite to any portions of the record. Therefore, the Court

admits ITT's Local Rule 56.1(a)(3) Statement of Facts as true for purposes of this summary judgment motion. *See Rao v. BP Prods. N. Am., Inc.,* 589 F.3d 389, 393 (7th Cir. 2009). In addition, Phillips has not filed a Local Rule 56.1(b)(3)(C) Statement of Additional Facts. *See Delapaz,* 634 F.3d at 899 ("the obligation set forth in Local Rule 56.1 'is not a mere formality.'") (citation omitted). With these standards in mind, the Court turns to the relevant facts of this case.

## II. Relevant Facts

Currently, Phillips is a resident of Chicago, Illinois. (R. 53, Defs.' Rule 56.1 Stmt. Facts ¶ 1.) ITT is a Delaware corporation with its principal place of business located in Carmel, Indiana. (*Id*. ¶ 2.) ITT provides accredited, technology-oriented undergraduate and graduate degree programs through its ITT Technical Institutes. (*Id*. ¶ 3.) The ITT Technical Institute at issue is located in Orland Park, Illinois and has a School of Criminal Justice. (*Id*.)

Phillips learned about a potential criminal justice adjunct instructor position at ITT in Orland Park through a newspaper advertisement in or around the late summer or early fall of 2009. (*Id*. ¶ 9.) On or about September 23, 2009, an email was sent on behalf of Dr. Eric Walker, the Chair of the School of Criminal Justice at ITT, to Phillips and others who had expressed an interest in the adjunct instructor position inviting them to an open house on Monday, September 28, 2009. (*Id*. ¶ 10.) Phillips attended the September 28, 2009 open house. (*Id*. ¶ 11.) At the open house, Dr. Walker informed the candidates that in addition to academics, ITT's criminal justice program is a hands-on program that provides students with practical experiences. (*Id*. ¶ 12.) Dr. Walker also told the candidates that ITT's classes are generated by enrollment, namely, the more students who enroll, the more adjunct instructors who will be

4

needed to teach those students.  (*Id*. ¶ 13.)

At the conclusion of the open house, ITT scheduled the candidates for their Chalk Talk presentations.  (*Id*. ¶ 14.)  A Chalk Talk presentation consists of a ten to fifteen minute mock presentation simulating a classroom lecture and is followed by questions from reviewers.  (*Id*.)  In addition to Phillips, ITT scheduled three other candidates to give Chalk Talk presentations for potential openings in the criminal justice program.  (*Id*. ¶ 15.)

Phillips appeared for her October 12, 2009 Chalk Talk presentation and presented her paper.  (*Id*. ¶ 17.)  The other three candidates also gave their Chalk Talk presentations after which Dr. Walker collected the completed review sheets.  (*Id*. ¶¶ 18-21.)  At the conclusion of each Chalk Talk presentation, Dr. Walker informed the candidates that he would contact them about the next steps involved in the hiring process, which included an on-line application, review of academic transcripts, and a background check.  (*Id*. ¶ 23.)  Meanwhile, of the four criminal justice candidates' Chalk Talk presentations, the reviewers gave Phillips the lowest marks.  (*Id*. ¶ 22.)

In November 2009, when the class lists were available for the next quarter, ITT determined that it needed three additional adjunct professors for the School of Criminal Justice.  (*Id*. ¶ 27.)  In the meantime, in addition to reviewing each candidates' Chalk Talk presentation review sheets, Dr. Walker also reviewed each candidate's qualifications in reference to the job description.  (*Id.* ¶ 29.)  The job description required that the adjunct instructor have a minimum of three years applicable experience and 15 semester hours in the field of criminal justice.  (*Id.* ¶ 30.)  It is undisputed that the other three candidates fulfilled these requirements, whereas Phillips did not.  (*Id.* ¶¶ 31, 32.)  In particular, Phillips did not have any practical criminal justice

5

experience and admitted at her deposition that she has never taken any criminal justice courses, such as courses in law enforcement or criminology. (*Id.* ¶¶ 32, 33.)

Based on Dr. Walker's review of the applicants' Chalk Talk presentations and their qualifications, Dr. Walker recommended that the School of Criminal Justice hire the three other candidates, but not Phillips, for the adjunct professor positions. (*Id.* ¶ 35.) Dr. Gayla M. Audia, the final decision-maker, accepted Dr. Walker's recommendation. (*Id.* ¶ 42.) Between November 10 and November 13, 2009, Dr. Walker attempted to call Phillips to inform her of this decision and left her a voice mail message. (*Id.* ¶ 43.) After not hearing back from Phillips, Dr. Walker emailed Phillips on November 13, 2009 indicating that ITT did not get as many criminal justice classes as it had anticipated and that ITT could not offer her an adjunct professor position. (*Id.* ¶ 44.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary

6

judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

Phillips brings race, color, sex, religion, and age discrimination claims in violation of Title VII and the ADEA under which she may prove intentional discrimination by using either the direct method or indirect method of proof as set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Naik v. Boehringer Ingelheim Pharm., Inc.,* 627 F.3d 596, 599 (7th Cir. 2010); *Nagle v. Village of Calumet Park,* 554 F.3d 1106, 1114 (7th Cir. 2009). Phillips has not presented any evidence under the direct method of proof, therefore, the Court addresses her employment discrimination claims under the indirect method of proof.

To survive summary judgment under the indirect method of proof, Phillips must show that: (1) she is a member of the protected class; (2) she was qualified for the position for which she applied; (3) despite her qualifications, ITT rejected her application; and (4) ITT filled the position with someone not in her protected class who had similar or lesser qualifications than Phillips. *See Grigsby v. LaHood,* 628 F.3d 354, 358-59 (7th Cir. 2010); *Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 431 (7th Cir. 2010). If Phillips establishes all four of these prima facie elements, an inference of discrimination arises, but can be dispelled if ITT offers a legitimate, nondiscriminatory reason for its personnel decision. *See Grisby,* 628 F.3d at 359; *Martino v. MCI Comm'cn Servs., Inc.,* 574 F.3d 447, 453 (7th Cir. 2009). If ITT meets this burden, Phillips must then demonstrate that ITT's proffered reason is pretext for discrimination. *See Naik,* 627 F.3d at 600; *Martino,* 574 F.3d at 453.

7

The Court first turns to the second prima facie element, namely, whether Phillips was qualified for the position for which she applied. It is undisputed that the requirements for the adjunct professor position at issue included at least three years of practical, hands-on experience and at least 15 semester hours of course work in the criminal justice field – qualifications that Phillips did not possess. Therefore, Phillips cannot establish the second prima facie element of her discrimination claim because she was not qualified for the adjunct professor position in the first instance. *See, e.g., Grisby,* 628 F.3d at 359.

Moreover, Phillips has failed to establish a genuine issue of material fact concerning the fourth prima facie element – that ITT filled the adjunct professor positions with individuals who were not in her protected class, but who had similar or lesser qualifications than Phillips – because it is undisputed that the other three candidates were more qualified than Phillips for the position. *See id.* at 359-60. In fact, it is also undisputed that of the four candidates who applied for the adjunct professor position in the fall of 2009, Phillips received the overall lowest mark for her Chalk Talk presentation.

Meanwhile, even if Phillips could establish a prima facie case of discrimination, ITT has offered a legitimate, non-discriminatory reason for its personnel decision, namely, that Phillips was not qualified for the criminal justice adjunct professor position. Specifically, Philips did not have any practical experience in criminal justice and she has never taken any criminal justice classes. Finally, Phillips has failed to set forth evidence demonstrating that ITT's reason is pretext for discrimination. *See Montgomery v. American Airlines, Inc.,* 626 F.3d 382, 396 (7th Cir. 2010) (to establish pretext, plaintiff must show employer's proffered reason was dishonest and based on discriminatory intent).

Accordingly, viewing the facts and all reasonable inferences in Phillips' favor, she has not shown that there is a genuine dispute as to any material fact regarding her prima facie case of intentional discrimination, ITT's reason for not hiring her, or that ITT's reason for not hiring her was pretext for discrimination. The Court therefore grants ITT's motion for summary judgment and dismisses this lawsuit in its entirety.

## CONCLUSION

For the these reasons, the Court grants Defendants' motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56.

**Date:** October 11, 2011

                        **ENTERED**

                      _____
                      **AMY J. ST. EVE**
                      **United States District Court Judge**